UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN RAMIREZ,

                      Plaintiff,

       -against-

SAKE II JAPANESE RESTARUANT, INC., et al.,

                      Defendants.

1:20-cv-09907 (JLR) (BCM)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Ruben Ramirez ("Plaintiff") commenced this action on November 24, 2020. *See generally* ECF No. 1 ("Complaint"). Plaintiff asserts violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* ("NYLL") against his former employer, Defendant Sake II Japanese Restaurant, Inc. ("Sake II") and Bi Shun Dong ("Dong" and, together with Sake II, "Defendants"). *See id*. The Complaint seeks damages for unpaid minimum and overtime wages, statutory penalties, and related relief. *See id*.

      On November 16, 2021, after Defendants failed to timely respond to the Complaint and failed to appear at a show-cause hearing, the Court entered default judgment in favor of Plaintiff and against Defendants. ECF No. 30. The Court referred the matter to Magistrate Judge Barbara Moses for an inquest on damages. ECF Nos. 29-30. On March 25, 2022, Plaintiff filed proposed findings of fact and conclusions of law in support of its claim to relief. ECF No. 34.

      On April 24, 2023, Magistrate Judge Moses issued a Report and Recommendation ("Report"). ECF No. 38. The Report recommends that the Court award Plaintiff damages in the aggregate amount of $387,382.00 against both Defendants. *Id*. at 22. The Report warns, in bold text, that failure to timely object would result in waiver of the right to object and preclude

appellate review. *Id*. at 23. The Report was served on both Defendants on April 25, 2023. *See* April 25, 2023 Docket Entry. No party has filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Rule 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Rule 72(b)(2). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Lifeguard Licensing Corp. v. Kozak*, 371 F. Supp. 3d 114, 118 (S.D.N.Y. 2019) (internal citation omitted); *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007) ("The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record."). A party's "failure to object timely to a report waives any further judicial review of the report" so long as the party received "'clear notice' of the consequences of their failure to object." *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see Lee*, 473 F. Supp. 2d at 436.

Here, the deadline to object to the Report passed on May 9, 2023 and no party has filed any objection. The Court has therefore reviewed the Report for clear error. *See Lifeguard Licensing Corp.*, 371 F. Supp. 3d at 118; *Lee*, 473 F. Supp. 2d at 436. The Report recommends that the Court award Plaintiff aggregate damages of $387,382.00 against both Defendants. Report at 22. That award consists of (a) $175,158.00 in compensatory damages for Defendants' failure to pay required minimum and overtime wages; (b) $175,158.00 in liquidated damages for the wage violations; (c) $15,996.00 for Defendants' failure to provide "spread of hours" pay; (d) $15,996.00 in liquidated damages for the spread of hours violations; (e) $4,582.00 in attorneys' fees; and (f) $492.00 in costs, plus prejudgment interest in the amount of $47.13 per day from

February 25, 2017 to the date of entry of final judgment. *Id*. The Court finds that the Report's reasoning and conclusions are sound, grounded in fact and law, and not clearly erroneous.

Accordingly, the Court adopts the Report in its entirety. The Clerk of Court is respectfully directed to enter judgment against Defendants Sake II Japanese Restaurant, Inc. and Bi Shun Dong and in favor of Plaintiff Ruben Ramirez in the amount of $387,382.00, plus prejudgment interest in the amount of $47.13 per day from February 25, 2017 to the date of entry of final judgment. The Clerk of Court is further directed to close this case.

The lack of any timely objections, in light of the clear notice provided in the Report, precludes appellate review of this decision. *See Frank*, 968 F.2d at 300; *Lee*, 473 F. Supp. 2d at 436.

Dated: May 10, 2023
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge

3